## A. D. HARRIS v. J. E. SLATER.

### (Filed 20 February, 1924.)

**Admiralty—Negligence—Collisions—Pilots — Contributory Negligence — Evidence—Directing Verdict—Statutes—Appeal and Error.**

Vessels passing through the inland waterways of the State are exempt from the pilot laws by the State statutes, subject to the proviso of C. S., 6985; and, under the Federal statutes, whether a vessel has a gross tonnage of more than fifteen tons should be determined by the method prescribed by the Federal statutes requiring a pilot; and in an action for damages alleged to have been caused by defendant's negligence in a collision, it is reversible error for the trial judge to direct an affirmative answer to the issue of contributory negligence in navigating without a pilot upon plaintiff's assertion that his vessel would carry thirty tons.

APPEAL from .*Grady, J.*, at February Term, 1923, of CRAVEN.

The plaintiff was the owner of the "Lallie," a boat propelled by gas, which he operated as a common carrier of passengers and freight for hire. In September, 1921, while proceeding along Swift Creek, between New Bern and Vanceboro, the boat struck a log and was so badly damaged that it listed and soon afterwards went to the bottom of the stream and was lost.

The defendant was engaged in the lumber business at New Bern and had a raft of logs on Swift Creek, where the boat was injured. The plaintiff alleged that when the boat approached the raft the defendant's employee negligently pulled the logs away from the right shore to make a passage for the boat, and thereby caused, the collision and injury. The defendant denied negligence and pleaded contributory negligence on the part of the plaintiff. At the time of the injury the plaintiff, who had a master's license, was operating the engine, and Cahoon, his mate, was steering the boat. Cahoon was a hired hand, not a licensed pilot, and had been running on the boat about twelve months. The issues were answered as follows:

"1. Was plaintiff's boat sunk by the negligence of the defendant, as alleged in the complaint? Answer: Yes.

"2. If so, did plaintiff, by his own negligence, contribute to his injuries, as alleged in the answer? Answer: Yes.

"3. What damage, if any, is plaintiff entitled to recover from defendant? Answer: Nothing."

Judgment. Appeal by the plaintiff.

*D. L. Ward, Guion & Guion, and S. F. Morris for plaintiff.*
*Moore & Dunn for defendant.*

PER CURIAM. Upon the second issue his Honor instructed the jury that, according to the plaintiff's admission, he was negligent, because he operated the boat without a licensed pilot. This instruction was erroneous, considered with reference either to the State or the Federal law. All vessels passing through the inland waterway of the State are exempt from the pilot laws of North Carolina, subject to the proviso in section 6985 of the Consolidated Statutes. His Honor no doubt had in mind the provisions of the Federal statutes. The first clause of section 8187 of the Compiled Statutes (R. S., 4496-4500) requires a licensed engineer and a licensed pilot for ferry-boats, canal boats, yachts or other small craft of like character propelled by steam, and the next clause relates to certain vessels of more than fifteen gross tons, but whether the plaintiff's vessel was of this class was to be determined by the method prescribed by law. U. S. Compiled Sts., secs. 7725, 7730. The plaintiff's assertion that his boat "would carry thirty tons" did not necessarily imply that the actual tonnage was "above fifteen tons burden" when measured in accordance with the statutory provision. Section 7730, *supra*.

Whether the answer should have set up this particular phase of contributory negligence is a question which was not discussed.

For error in the instruction there must be a

New trial.